IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CEARIC BARNES                                                                                       PLAINTIFF

VS.                                                                        CIVIL ACTION NO.  3:10CV856-FKB

LINCOLN COUNTY, MISSISSIPPI, et al.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This § 1983 cause is before the Court *sua sponte* for consideration of dismissal of the complaint.  A *Spears*[1] hearing was held on September 28, 2011, and the parties have consented to jurisdiction by the undersigned.  Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the Court concludes that the complaint should be dismissed.

In 2003, Plaintiff was arrested in Lincoln County, Mississippi on a charge of capital murder.  He subsequently pleaded guilty to the lesser charge of murder and is currently serving a life sentence on that charge.   Plaintiff's claims arise out of the period during which he was held as a pretrial detainee at the Lincoln County Detention Center prior to entry of his plea. Barnes alleges that during this period Defendants interfered with his right of access to the courts.  Specifically, he claims that the law library at the Lincoln County Detention Center was inadequate for his needs and that the Lincoln County Circuit Clerk refused to provide him with copies of documents in his criminal file.

In order to state a claim for denial of access to the courts, a plaintiff must allege an actual injury as a result of the defendants' actions.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  When questioned at the *Spears* hearing concerning the injury he suffered,

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff stated that his guilty plea was the product of coercion.  He insisted that he would not have pleaded guilty had he had access to his court file and had he understood the law.  The Court concludes that these vague allegations do not rise to the level of an articulable injury. [2]

At the *Spears* hearing, Plaintiff also raised an issue regarding his placement in a holding cell for approximately thirty days after his arrest and detention center officials' failure to provide him with a mat for two days.  The Fourteenth Amendment prohibits the imposition of conditions that amount to punishment of a pretrial detainee.  *Bell v. Wolfish*, 441 U.S. 520, 534-37 (1979).  However, to the extent that Plaintiff is attempting to assert the violation of such a right, that attempt fails.  The conditions complained of by Plaintiff are simply insufficient to implicate his right to be free from punishment.

For these reasons, Plaintiff's claims are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  A separate judgment will be entered.

So ordered and adjudged,  this the 24th day of October, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[2] Furthermore, success on his access-to-courts claim would call into question the validity of Barnes' guilty plea and conviction.  The Mississippi Court of Appeals rejected Barnes' collateral attack on his conviction, *see Barnes v. State*, 51 So. 3d 986 (Miss. Ct. App.), *cert. denied*, 50 So. 3d 1003 (Miss. 2011), and the conviction has not otherwise been set aside or otherwise invalidated.  Therefore, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).